IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES EDWARD SHAW JR., | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:17-CV-261-O |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, James Edward Shaw Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

On July 29, 2013, following a bench trial in the 29th District Court of Palo Pinto County, Texas, the trial court found Petitioner guilty of felony driving while intoxicated (DWI), found the sentence-enhancement allegations true, and assessed his punishment at 40 years' confinement and a $10,000 fine. Clerk's R. 7, 29, 44, ECF No. 13-1. Petitioner appealed his conviction, but the state appellate court affirmed the trial court's judgment and the Texas Court of Criminal Appeals refused his petition for discretionary review. Docket Sheet, ECF No. 13-2. Petitioner also filed a state habeas-corpus application, which was granted to the extent the Texas Court of Criminal Appeals reformed the trial court's judgment to delete the $10,000 fine. Op., ECF No. 13-22. This federal

habeas petition followed.

The appellate court set out the background facts of the case as follows:

> Trooper Burt Blue of the Texas Department of Public Safety testified that he saw [Petitioner] driving a vehicle after dark without the taillights activated. When Trooper Blue stopped [Petitioner], he smelled "the odor of alcohol coming from the truck." [Petitioner] stepped out of the vehicle, and Trooper Blue noticed that he had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked [Petitioner] if he had had anything to drink, and [Petitioner] said that he had drunk "two Natural Lights."
>
> Trooper Blue then conducted three field sobriety tests. [Petitioner] exhibited six out of six possible clues for intoxication on the horizontal gaze nystagmus test. [Petitioner] next performed the walk-and-turn test. Trooper Blue observed seven out of eight possible clues for intoxication. [Petitioner] then attempted the one-leg stand test. [Petitioner] displayed three out of four possible clues for intoxication.
>
> After conducting the field sobriety tests, Trooper Blue determined that [Petitioner] was too intoxicated to drive. Trooper Blue arrested [Petitioner] for driving while intoxicated. Trooper Blue then transported [Petitioner] to the Palo Pinto General Hospital. [Petitioner] initially consented to giving a breath specimen. However, the intoxilyzer testing machine malfunctioned, resulting in Trooper Blue being unable to collect a breath specimen. [Petitioner] then refused to give a blood specimen that Trooper Blue subsequently requested.

Mem. Op. 2, ECF No. 13-4.

## II. ISSUES

In four grounds for relief, Petitioner claims that (1) he received ineffective assistance of trial counsel; (2) there is no evidence to prove his guilt; (3) his sentence and judgment are void; and (4) the prosecution made prejudicial comments in closing argument. Pet. 6-7, ECF No. 1.

## III. RULE 5 STATEMENT

Respondent believes that Petitioner has exhausted his state-court remedies as to the claims raised and that the petition is neither untimely nor successive. Resp't's Answer 4, ECF No. 11.

## IV. DISCUSSION

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102. Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

Finally, when the Texas Court of Criminal Appeals, the state's highest criminal court, refuses discretionary review or denies state habeas-corpus relief without written order, opinion, or explanation, typically it is an adjudication on the merits, which is likewise entitled to the presumption of correctness. *Richter,* 562 U.S. at 100; *Singleton v. Johnson,* 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted

the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* — U.S. —, 138 S. Ct. 1188, 1191-92 (2018).

### A. Ineffective Assistance of Counsel

Under his first ground, Petitioner claims that he received ineffective assistance of his court-appointed counsel at trial because counsel allowed the trial court to enhance his sentence and impose an unauthorized fine under Texas Penal Code § 12.42 and because counsel advised Petitioner to accept a 15-year plea bargain offer "due to [his criminal] history and not [his] guilt." Pet. 6, ECF No. 1.

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington*. To establish ineffective assistance of counsel under this standard, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where a petitioner's ineffective-assistance-of-counsel claims have been reviewed on their merits and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or

4

involved an unreasonable application of the *Strickland* standard in light of the state-court record. *Richter,* 562 U.S. at 100-01 (quoting *Williams v. Taylor,* 529 U.S. 362, 410 (2000) ); *Bell v. Cone,* 535 U.S. 685, 698-99 (2002). Thus, a federal court's review of state-court decisions regarding ineffective assistance of counsel must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow,* 571 U.S. 12, 15 (2013) (quoting *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

Petitioner claims that counsel should have objected to the use of his prior DWI convictions both to enhance his underlying DWI to third-degree felony status under Texas Penal Code § 12.42 and to prove habitual-felony-offender status under Texas Penal Code § 49.09. SHR[1] 12, ECF No. 13-21. However, the state habeas court, adopting the state's response as its own, determined that there was no ground for objection, *see infra*; thus, counsel's failure to object was not error. Supp. SHR[2] 6, ECF No. 13-20. The state court's decision is not an unreasonable application of *Strickland.* Counsel is not required to make frivolous objections. *See Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002).

Petitioner's claim that counsel advised him to accept the 15-year plea bargain offer on the basis of his criminal history instead of his guilt is conclusory. Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding. *Ross v. Estelle,* 694 F.2d 1008, 1011-12 (5th Cir. 1983). Furthermore, counsel was deceased at the time Petitioner filed his state habeas application. SHR 26, ECF No. 13-21. Therefore, there is no affidavit

---

[1] "SHR" refers to the record of Petitioner's state habeas proceeding in WR-85,253-01. Because the record is not paginated, the pagination in the ECF header is used.

[2] Likewise, the supplemental record of Petitioner's state habeas proceeding in WR-85,253-01 is not paginated. Thus, the pagination in the ECF header is used.

or particularized findings regarding counsel's advice to Petitioner. Nevertheless, it is counsel's obligation to inform a criminal defendant of the advantages and disadvantages of a plea agreement and the attendant statutory and constitutional rights that a guilty plea would forgo. *Libretti v. United States,* 516 U.S. 29, 50-51 (1995). Often a criminal defendant, even if he is unwilling or unable to admit his guilt, will agree to plead guilty to an offense, having been so informed by counsel, in order to avoid a potentially harsher sentence by a judge or jury. This is a case in point.

**B. Sufficiency of the Evidence**

Under his second ground, Petitioner claims that there was no evidence to support his conviction and that a breathalyzer test on a "working machine would have proved [his] innocence." Pet. 6, ECF No.

Federal courts have extremely limited habeas review of claims based on the sufficiency of the evidence, and the standard for reviewing such claims is supplied by *Jackson v. Virginia,* 443 U.S. 307 (1979). In *Jackson,* the United States Supreme Court held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas-corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* The trier of fact is the sole judge of the weight and credibility of the evidence. Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. We must resolve any inconsistencies in the evidence in favor of the judgment. Further, where a state appellate court has

conducted a thoughtful review of the evidence, its determination is entitled to great deference. *Callins v. Collins,* 998 F.2d 269, 276 (5th Cir. 1993).

Applying the *Jackson* standard and relevant state law, the state appellate court addressed the claim as follows:

> In his sole issue on appeal, [Petitioner] challenges the sufficiency of the evidence to support his conviction. He characterizes his evidentiary contention as a factual sufficiency challenge. In doing so, he concedes in his brief that the evidence was legally sufficient. We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or factual claim, under the standard of review set forth in *Jackson v. Virginia,* . . . . Irrespective of [Petitioner]'s concession that the evidence was legally sufficient, we will review the sufficiency of the evidence supporting his conviction to determine if it is sufficient under *Jackson.*
>
> Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. In conducting a sufficiency review, we defer to the factfinder's role as the sole judge of the witnesses credibility and the weight their testimony is to be afforded. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination.
>
> A person commits the offense of driving while intoxicated "if the person is intoxicated while operating a motor vehicle in a public place." [Petitioner] attacks only the element of intoxication. Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more. The first definition is the "impairment" theory, while the second is the "per se" theory. We are only concerned with the impairment theory in this appeal because a specimen was not obtained from [Petitioner] for testing. Circumstantial evidence may prove that a person has lost the normal use of his mental or physical faculties by reason of introduction of a controlled substance or drug into his body. For purposes of the DWI statute, proving an exact intoxicant is not an element of the offense.
>
> [Petitioner] premises his evidentiary challenge to the element of intoxication on a number of arguments. He initially contends that the malfunction of the

intoxilyzer testing machine deprived him of the opportunity to disprove that he was intoxicated. He also asserts that he informed Trooper Blue that he had back problems and a speech impediment and that these conditions provided an explanation for the matters that Trooper Blue observed about his physical condition. [Petitioner] additionally contends that the video recording of his encounter with Trooper Blue did not support the finding that he was intoxicated.

Trooper Blue testified that he saw [Petitioner] driving without his vehicle's taillights on after dark. When Trooper Blue stopped [Petitioner], he smelled "the odor of alcohol coming from the truck," and Trooper Blue noticed that [Petitioner] had bloodshot eyes and that his speech was "real thick-tongued and slurred." Trooper Blue asked [Petitioner] if he had had anything to drink, and [Petitioner] said that he had drunk "two Natural Lights."

Trooper Blue then conducted three field sobriety tests. In this regard, Trooper Blue has been a trooper since 2006, and he testified that he had been trained to conduct standard field sobriety tests. Trooper Blue additionally testified that he has attended an advanced DWI class and that he is also certified as a drug recognition expert. He also testified that he has made "[m]any" arrests for DWI and that he has had "[m]any" occasions to observe people whom he believed to be intoxicated. Trooper Blue testified that [Petitioner] failed all three tests. Based on his observations, Trooper Blue concluded that [Petitioner] was intoxicated while operating a motor vehicle. Trooper Blue's testimony is probative evidence of intoxication.

With respect to [Petitioner]'s contention that he was denied a chance to give a breath sample to disprove that he was intoxicated, it is within the officer's discretion to determine what method to use when testing for intoxication. It is significant to note that Trooper Blue offered [Petitioner] the opportunity to provide a blood specimen when he determined that a breath test was not available and that [Petitioner] declined the opportunity.

The video recording from Trooper Blue's dashcam was introduced into evidence. We have reviewed the video in our review of the record. We conclude that the video supports Trooper Blue's trial testimony. [Petitioner]'s perception of the video and his alleged physical problems were matters available for the trial court to consider in determining [Petitioner]'s guilt/innocence. Under the applicable standard of review, we presume that the factfinder resolved [Petitioner]'s perceived deficiencies in the evidence in favor of the verdict, and we defer to that resolution. We conclude that the evidence is sufficient to support [Petitioner]'s conviction because a rational trier of fact could have found the elements of the offense beyond a reasonable doubt based upon Trooper Blue's testimony.

Mem Op. 2-6, ECF No. 13-4 (citations omitted).

The state court's decision comports with *Jackson* and is reasonable in light of the evidence at Petitioner's trial.

### C. Void Sentence/Void Judgment

Under his third ground, Petitioner claims that the trial court erred, in violation of the protection against double jeopardy and due process, by assessing the sentence enhancement and by using "Penal Code 12.42 for both sentence and fine. I feel that is [two] punishments for [one] alleged crime . . . and a fine that is not authorized." Pet. 7, ECF No. 1. The state habeas court addressed this claim as follows:

> [Petitioner]'s complaint . . . is actually two separate complaints – (1) that the $10,000 fine assessed in the sentence was improper and not authorized by law; and (2) that [Petitioner]'s prior felony DWl conviction "cannot be used both to enhance underlying [sic] DWI charge to third degree Felony and to prove habitual felony offender status."
> 
> [T]he indictment was returned on December 12, 2012. In the indictment, the State alleged two prior misdemeanor convictions as jurisdictional enhancements:
> 
> ( 1)    Cause number 32276, in the County Court of Palo Pinto County, Texas on September 25, 1985 for DWI; and
> 
> (2)    Cause number 39974, in the County Court of Palo Pinto County, Texas on December 3, 1992 for DWl.
> 
> Then, the indictment further alleged that prior to the case at bar, the defendant had been previously finally convicted of DWI 3rd or More in cause number 10716, in the 29th District Court of Palo Pinto County, Texas on June 29, 2001.
> 
> Next, on April 25, 2013, the State filed its Notice of Intent to Use Prior Convictions to Enhance Punishment Pursuant to Penal Code § 12.42. In that instrument, the State again alleged the prior felony DWl conviction together with a felony conviction for Possession of Anhydrous Ammonia in Unapproved Container, in cause number 9448 in the 355th Judicial District Court of Hood County, Texas on November 18, 2004.

Texas law provides that the State cannot [use] the same prior DWI convictions to enhance the underlying DWl charge and to prove habitual felony offender status. The State can use a prior felony DWl conviction under Penal Code § 12.42 for enhancement purposes, as long as that prior is not also used to elevate the alleged offense to a felony. In addition, felony DWI can be enhanced with non-DWI prior convictions, so that a person convicted of felony DWI can be a habitual offender. Finally, an underlying misdemeanor conviction can be used to elevate the DWI jurisdictionally even where a prior felony DWI (enhanced by that same misdemeanor conviction) is used to enhance the defendant to habitual status.

At trial, the State introduced certified copies of the jurisdictional, misdemeanor judgments together with fingerprint evidence in each of the respective convictions proving identity. After a finding of guilt, and during the punishment phase, the State introduced penitentiary packets containing certified copies of the felony judgments together with competent fingerprint evidence proving identity in support of the felony enhancements alleged.

The record clearly shows that the State did not use the prior felony DWI conviction as a jurisdictional enhancement during guilt-innocence and a felony enhancement allegation at punishment – but was only used to enhance [Petitioner] to habitual offender. Accordingly, [Petitioner]'s allegation of double jeopardy is unfounded.

[Petitioner] complains that the $10,000 fine was improper and not authorized by statute. [Petitioner] is correct.

Section 12.42 of the Penal Code provides for enhanced punishment for prior convictions of felony offenses. Specifically, section 12.42(d) provides:

> . . . if it is shown on the trial of a felony offense other than a state jail felony . . . that the defendant has been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

No provision is made for the assessment of a fine in the above statute. The erroneous assessment of the fine should not render the entire judgment void, as claimed by [Petitioner]. [Petitioner]'s judgment should simply be reformed to remove the assessment of the fine.

SHR Supp. 4-5, ECF No. 13-20 (citations omitted).

The state habeas court found that the two cause numbers used for jurisdictional purposes were 32276 and 39974 and that the two cause numbers used for habitual enhancement were 10716 and 9448. Consequently, neither jurisdictional DWI offense was also used as a habitual enhancement and there was no violation of state law. Nevertheless, whatever the merits of the claim may be under Texas law, whether a defendant's prior convictions are properly used for enhancement purposes is solely a question of state law. *See Weeks v. Scott,* 55 F.3d 1059, 1063 (5th Cir. 1995); *Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones,* 445 F.2d 601, 606 (5th Cir. 1971); *Bartee v. Stephens*, No. 4:13-CV-115-Y, 2014 WL 982874, at *8 (N.D. Tex. Mar. 13, 2014). With few exceptions, the constitutionality of enhancement statutes such as § 12.42(d) has been upheld by the United States Supreme Court against claims that they violate "constitutional strictures dealing with double jeopardy, ex post facto law, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Parke v. Raley,* 506 U.S. 20, 27 (1992) (quoting *Spencer v. Texas,* 385 U.S. 554, 560 (1967)).

Petitioner's claim that the $10,000 fine was unauthorized under state law, rendering the judgment of conviction void is also meritless. Under state law, an appellate court with jurisdiction over a case may delete the fine from a judgment of conviction where no fine is authorized by law, and Petitioner fails to identify any decision of the United States Supreme Court which limits or applies to a state court's authority to do so. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

**D. Improper Jury Argument**

Under his fourth and final ground, Petitioner claims that the prosecution made prejudicial comments during closing argument in the punishment phase of his trial. Specifically, the prosecutor

made the following remarks:

> Your Honor, I think the day has come and gone that we treat driving while intoxicated with a wink and a pat on the back. Here we have a defendant that consistently puts the citizens of this community at risk of driving under the influence of alcohol.
>
> You would think somebody, after being in prison -- and it looks like two of those convictions ran concurrently, but you would think that after two times in prison, twice for DWI, to run concurrent, and then once for possession of anhydrous ammonia for 15 years, that a person would perhaps finally get it.
>
> You know, driving while intoxicated today, as I think the community and society in general recognizes, the broken bodies, the children, the adults. Just last week we had another one in our community where a man died as a result of alleged drunk driving.
>
> I think the State recommends that it is high time that we take a stand to protect members of the communities. And *people like this defendant don't need to be on our road.*

Reporter's R. vol. 3, 68-69, ECF No. 13-7 (emphasis added).

Relying solely on state law, the state habeas court addressed the issue as follows:

> Jury argument is limited to: ( 1) summations of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) a plea for law enforcement. To determine if the prosecutor made an improper jury argument, one must consider the entire argument in context—not merely isolated instances.
>
> In this case, the State made these comments as a proper plea for law enforcement by pointing out the risks to the community due to intoxicated drivers exemplified by the foregoing intoxication manslaughter case. In addition, by viewing the State's closing argument as a whole, the complained of argument likely had little bearing on the fact finder's decision on punishment, which was within
> the range of punishment provided for the instant case.

Supp. SHR 6, ECF No. 13-20 (citations omitted).

Improper jury argument by the state does not present a claim of constitutional magnitude in a federal habeas action unless it is so prejudicial that the state-court trial was rendered fundamentally

12

unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *See Jones v. Butler,* 864 F.2d 348, 356 (5th Cir. 1988). To establish that a prosecutor's remarks are so inflammatory, a petitioner must demonstrate that the misconduct is persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks. *Id.* Petitioner fails to demonstrate that the prosecutor's remarks were improper. Further, Petitioner's trial was to the bench and not a jury; thus, there was little risk, if any, of unfair prejudice or a decision on an improper basis.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. A certificate of appealability is also DENIED.

**SO ORDERED** on this 19th day of November, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**